No. 25-1442

# United States Court of Appeals
## for the
# First Circuit

KYLE FELLERS, *et al.*,

         *Plaintiffs-Appellants,*

v.

MARCY KELLEY, *et al.*,

         *Defendants-Appellees.*

On Appeal from the United States District Court
for the District of New Hampshire
Honorable Judge Steven J. McAuliffe, Presiding

**MOTION OF FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS-APPELLANTS**

Pursuant to Federal Rules of Appellate Procedure 29(a)(2)–(3), the Foundation for Individual Rights and Expression ("FIRE") moves for leave to file the accompanying *amicus curiae* brief in support of Plaintiff-Appellants Kyle Fellers, Anthony Foote, Nicole Foote, and Eldon Rash (collectively, "Appellants") in the above-captioned case. FIRE states the following in support of this motion:

1. Proposed *amicus* FIRE is a nonpartisan nonprofit that defends the rights of all Americans to free speech and free thought—the essential qualities of liberty.

2. In lawsuits across the United States, FIRE works to vindicate First Amendment rights without regard to speakers' views. *See, e.g.*, *Damiano v. Grants Pass Sch. Dist. No. 7*, No. 23-35288 (9th Cir.), Brief of *Amicus Curiae* FIRE (Dkt 20); *Wuoti v. Winters*, No. 25-678 (2d Cir.), Brief of *Amicus Curiae* FIRE (Dkt 78.1); *Berge v. Sch. Committee of Gloucester*, No. 22-1954 (1st Cir.), Brief of *Amici Curiae* FIRE, *et al.* (Doc. 00117981360); *Öztürk v. Hyde*, No. 2:25-cv-374 (D. Vt.), Brief of *Amici Curiae* FIRE, *et al.* (Dkt. 115-1).

3. Under Rule 29(a), a movant may file an *amicus* brief either when all parties have consented or when the movant has (1) demonstrated an adequate "interest" in the matter and (2) the accompanying brief is "desirable" and "relevant to the disposition of the case." Fed. R. App. P. 29(a)(2)–(3). These requirements should be "broadly interpreted" to allow leave to file *amicus* briefs unless "it is obvious" that the requirements are not met. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J., in chambers).

4. As detailed in the accompanying brief, *amicus* FIRE has a strong interest in the outcome of this case because its significance extends well beyond the Bow School District punishing adults at a high school soccer game in violation of their First Amendment rights. The district court's opinion creates unprecedented law by extending cases particularly concerning children's speech in public school to adult speech in public forums. Left standing, it will encourage other schools with subjective fears of psychological injuries to violate adults' expressive rights, notwithstanding that the First Amendment fully protects those rights.

5. Because *amicus* has extensive experience defending expressive rights in both educational environments and society at large, the accompanying *amicus curiae* brief would be beneficial to the Court's understanding of the ramifications of this case beyond the outcome for the parties. *Amicus* is well-positioned to assist the Court by providing an informed perspective and specific information, beyond what the parties offer, regarding the potential Circuit-wide and national impact of a ruling upholding the lower court's decision. This Court has found such

contributions from *amicus* helpful before. *See, e.g.*, *Berge v. Sch. Comm. of Gloucester*, 107 F.4th 33, 46 n.12 (1st Cir. 2024).

    6.    Finally, the trend among courts—including the Supreme Court of the United States—in recent decades has been to accept *amicus* briefs liberally. *See, e.g.*, *Neonatology Assocs., P.A.*, 293 F.3d at 130–133 (rejecting various decisions denying leave to file *amicus* briefs as inconsistent with Rule 29 and its goals, noting a "restrictive policy with respect to granting leave" might raise a "perception of viewpoint discrimination" or otherwise "convey an unfortunate message about the openness of the court"). The Supreme Court has thus adopted an open-door policy to proposed *amicus* participation that "no longer require[s] consent in order to file an amicus curiae brief."[1]

---

[1] Mem. to Those Intending to File an *Amicus Curiae* Br. in the Supreme Court of the United States, https://www.supremecourt.gov/casehand/AmicusGuide2023.pdf ("As a result, there is no longer a need for parties to provide blanket consent or to consent to individual briefs, and there is no need for an amicus to file a motion for leave to file the brief (so long as it is timely and otherwise complies with the Court's Rules[.]"). The Rules Committee appears likely to propose and adopt a similar open-door policy in the upcoming amendments to Federal Rule of Appellate Procedure 29. *See* April 2, 2025 Advisory Committee on Appellate Rules Amicus Subcommittee Mem. 4–5 ("This revised approach would revamp FRAP 29(a)(2) so that neither a motion nor party consent would be required."), available at https://www.uscourts.gov/sites/default/files/2025-04/2025-04-appellate-rules-committee-agenda-

7.    *Amicus* sought consent of the parties to file the accompanying *amicus* brief. Plaintiffs-Appellants consented to the filing of the brief, but Defendants-Appellees refused it.

WHEREFORE, FIRE respectfully requests that this Court grant its Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs-Appellants.

Dated: July 1, 2025                               Respectfully Submitted,

/s/ Ronald G. London
Ronald G. London*
Arleigh Helfer
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
(215) 717-3473

Marc Randazza
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
(888) 887-1776

*Counsel of Record*

*Counsel for Amicus Curiae*

---

book-final-revised-4-1-25.pdf.

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2). This motion contains 737 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This motion has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen (14) point Century Schoolbook font.

Dated: July 1, 2025

/s/ Ronald G. London
Ronald G. London*
Arleigh Helfer
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
(215) 717-3473

Marc Randazza
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
(888) 887-1776

*Counsel of Record*

*Counsel for Amicus Curiae*

# CERTIFICATE OF SERVICE

The undersigned certifies that on July 1, 2025, an electronic copy of the Motion of Foundation for Individual Rights and Expression for Leave to File *Amicus Curiae* was filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the Court's CM/ECF system. The undersigned also certifies all parties in this case are represented by counsel who are registered CM/ECF users and that service of the Motion will be accomplished by the CM/ECF system.

Dated: July 1, 2025

/s/ Ronald G. London
Ronald G. London*
Arleigh Helfer
FOUNDATION FOR INDIVIDUAL
 RIGHTS AND EXPRESSION
700 Pennsylvania Ave., S.E.
Suite 230
Washington, DC 20003
(215) 717-3473

Marc Randazza
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
(888) 887-1776

*Counsel of Record*

*Counsel for Amicus Curiae*